**Mary McInerney and John F. Mahon, Administrators, Appellees, v. Chicago City Railway Company, Appellant.**

**Gen. No. 16,912.**

1. MASTER AND SERVANT—*contributory negligence.* Where an employee in the car barns of defendant street car company carelessly runs between the wall and a car which is coming in slowly with bell ringing and headlight on, he is guilty of contributory negligence, and a judgment in favor of his administrator is reversed.

2. NEGLIGENCE—*where defendant is charged with knowledge of danger.* Where a street car in turning into the barn comes within a few inches of the wall and an ordinarily prudent man would know that to go between a moving car and the wall would be extremely dangerous, an employee who has knowledge of the situation is charged with knowledge of the danger.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1910. Reversed with finding of fact. Opinion filed March 4, 1913.

EDWARD C. HIGGINS and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

THOMAS McENERNY, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment for four thousand dollars against the appellant for negligently causing the death of Dennis J. McInerney.

The appellant had a car barn facing north on 39th street between State street and Wabash avenue, Chicago. In the front of the barn on 39th street were three car entrances, each twenty feet or more wide and through each of which were two car tracks. These tracks curved from the main lines on 39th street until they were about eighteen feet inside of the said barn, when they then extended straight north and south parallel to each other inside the barn. At the northwest corner of the barn was a sand room, and next east and adjacent thereto was an oil room. The east side of the oil room was a brick wall extending on a slight angle from the front of the barn about eighteen or twenty feet south and a little easterly. At the northeast and southeast corners of said rooms were iron posts. Just east of the oil room was the westerly of the said car entrances and through which the westerly track curved from the main line at a point on 39th street west of said entrance. This entrance track was so close to the said posts and the east wall of the oil room that the appellant's large cars running on said track barely cleared the said posts, and when partly in the barn on the said curve would come up to within five to eight inches of the said wall. The decedent, in passing out of the barn, was ·caught between the said wall and an incoming car and so badly crushed that he died immediately thereafter.

The appellant insists that the proof fails to show it to be guilty of the negligence charged and also that the decedent was clearly guilty of contributory negligence.

The appellee called two witnesses who gave testimony in relation to the accident. The first was the motorman who operated the car in question, but was

632   Appellate Courts of Illinois.

McInerney et al. v. Chicago City Ry. Co., 177 Ill. App. 630.

not at the time of the trial employed by the appellant. He testified, among other things, that the said car was about fifty feet long and nine or ten feet wide; that he came east on 39th street and turned into the barn on said westerly track, sounding his gong and going at the rate of three miles an hour; that he did not see the decedent, and the first he knew of the accident was when he heard a yell; that he thereupon stopped his car, within two or three feet, and the front end of the car was then about thirty feet past the oil room; that he then looked back and the decedent was lying on his back about three feet from the track and about two and a half feet south of the oil room. The other witness, James Mikitize, gave most of his testimony through an interpreter. It is often inconsistent, and in many respects it is difficult to determine exactly what he did mean. On an examination of the record, giving the appellees the most favorable version it is susceptible of, it is on the material points in substance as follows: That he was working for the appellant at the time of the accident, but not at the time of the trial; that about nine months after the accident he was laid off and told to return in thirty days, but did not return; that just south of the sand room was a coal room, and south of and adjacent to the coal room was the wash room, which would be southwest of the oil room; that he was in the wash room with the decedent and he saw the decedent pass out of the wash room and go toward the door, walking slowly; that he first saw the car just as the decedent passed the post at the southeast corner of the oil room; that the bell on the car was ringing and it was going pretty fast, about four to five miles an hour; that when the decedent had passed the post about three or four feet, and when about a foot back of the front vestibule, the car struck him and crushed him against the post; (he also testified that the decedent walked about six, seven or eight steps past the post before he was struck by the car); that the westerly rail was about two feet from the wall,

with just enough space for the car to pass, and that it cleared the said post by about five inches; that there were no signs warning them of danger at the place in question; that the employees at the barn went in and out of the entrance in question and at that time of the evening cars came into that door every two or three minutes and sometimes oftener.

In behalf of the appellant the conductor and three workmen testified in relation to the accident, all of the workmen testifying through an interpreter. The conductor testified that the car ran into the barn at the rate of about two miles an hour, and the car bell was ringing continuously; that the headlight on the front of the car was lit and also lights were burning inside the car, but he was at the rear of the car and did not see the decedent until after the accident. The workman, Joseph Zarumba, a sweeper about the barn, testified that he was about fifteen or twenty feet south of the corner post and saw the accident; that the decedent started out on the run, made a turn at the post and ran in by the wall as the car came in; that the car was coming very slowly; the bell was being rung and there were lights in the car; that about the middle of the car struck the decedent when about three feet from the post; that he "hollered" at the decedent when he ran around the post; that the car cleared the post about six or seven inches. The other workman, Gregor Grinevesky, testified that he was about ten or fifteen feet south of the said post and saw the accident; that the car came into the barn very slowly and he thought that the bell was ringing; that the decedent started out on a run and ran in between the car and the wall; that "it was about the third part of the car that pressed him," and at that time he was close to the corner of the oil room; that sometimes a car went in that entrance every minute. The other witness, Frank Damisky, testified that his work was wiping cars; that he stood just south of the oil room and saw the accident; that the car came in very slowly and the bell

was ringing; that the decedent ran out and was going fast; that witness "hollered" at him when he turned the corner of the oil room; "that the car when it came in was away and then afterwards it straightened up and pressed him to the wall;" that about the middle of the car struck him when close to the post, and the car was ten or fifteen feet in when decedent went between it and the room; that sometimes cars came in those doors every two or three minutes.

The accident was about six o'clock in the evening of October 1, 1907. The decedent had been working for the appellant about the said barn for five days. He was forty years old and a cooper by trade, and so far as can be determined by the record was of ordinary intelligence. The location of the tracks, the posts and the wall and the situation, with cars coming in and going out of the barn on the said track, were open and apparent. The appellees argue that there is a difference between knowledge of the situation and knowledge of the dangers. That is true; but in a situation of the nature shown in this case it is apparent that a knowledge of the conditions means a knowledge of the dangers. Any ordinarily prudent man with knowledge of the proximity of that track to the posts and wall would certainly know that to get between a car and the wall or one of said posts would be extremely dangerous. Two of the workmen recognized the dangerous position of the decedent the instant they saw him turn the corner and called to him. We think the decedent must, in the very nature of the situation, have known and understood the danger.

The car was coming into the barn at a speed of about three to four miles an hour, and there is no evidence that this was other than the ordinary speed of a car coming into said barn. The bell was ringing and the headlight burning. We do not think that the decedent slowly and deliberately placed himself in so manifestly a perilous position between said wall and car. Three witnesses testify that he turned the corner of the oil

room on the run.   The circumstances tend to support that statement of the witnesses.   On an analysis of the foregoing evidence the greater weight of the evidence is clearly and manifestly that the decedent was in a hurry and ran around that corner and suddenly found himself between the car and the wall.   The evidence in some respects tends to show he attempted to get back past the post and so escape, but was unable to do so. That he carelessly ran into said place explains this unfortunate and distressing accident.   There is no escape from the conclusion that the decedent was guilty of contributory negligence.   We are thus impelled to hold that the decedent being guilty of contributory negligence, the judgment cannot be sustained.

In the view we take of the case it becomes unnecessary to discuss the negligence of the appellant as alleged in the various counts or to pass thereon.

The judgment is reversed with a finding of fact.

*Reversed.*